# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JASON VILLAMAN | ) Case Number: | CR-09-619(S-1)-04 |
| | ) USM Number: | 76365-053 |
| | ) EDWARD JENKS Esq. | |
| | ) Defendant's Attorney | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y
★ JUN 27 2013 ★
LONG ISLAND OFFICE

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)    SEE PAGES 2 AND 3 OF THIS JUDGMENT FOR COUNTS OF CONVICTION
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | SEE PAGES 2 AND 3 COUNTS OF CONVICTION AND OFFENSE INFORMATION | | |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  UNDERLYING INDICTMENT AND SEE PAGES 2 AND 3 FOR INFORMATION ON ADDITIONAL DISMISSED COUNTS   ☐ is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 12, 2013
Date of Imposition of Judgment

s/ Sandra J. Feuerstein
Signature of Judge

SANDRA J. FEUERSTEIN, U.S.D.J.
Name and Title of Judge

June 27, 2013

United States v. Jason Villaman
Cr. No. 09 CR 619(S-1) 04

## CORRECTED COUNTS OF CONVICTION – June 13, 2013

| COUNT | OFFENSE DESCRIPTION | STATUTORY SECTION | OFFENSE ENDED |
|---|---|---|---|
| 1 | Sex Trafficking Conspiracy 2005-08 | 18 USC 371 and 1591(b)(1) (for 2005) | 12/23/2008 |
| 2 | Sex Trafficking 2005-08 as to Jane Doe 1 | 18 USC 1591(a) and 1591(b)(1) (for 2005) | 12/23/2008 |
| 3 | Sex Trafficking 2005-08 as to Jane Doe 2 | 18 USC 1591(a) and 1591(b)(1) (for 2005) | 12/23/2008 |
| 4 | NOT CHARGED | | N/A |
| 5 | NOT CHARGED | | N/A |
| 6 | Forced Labor Conspiracy 2005-08 | 1589 | 12/23/2008 |
| 7 | Forced Labor 2005-08 as to Jane Doe 1 | 1589 | 12/23/2008 |
| 8 | Forced Labor 2005-08 as to Jane Doe 2 | 1589 | 12/23/2008 |
| 9 | NOT CHARGED | | N/A |
| 10 | NOT CHARGED | | N/A |
| 11 | NOT CHARGED | | N/A |
| 12 | NOT CHARGED | | N/A |
| 13 | NOT CHARGED | | N/A |
| 14 | NOT CHARGED | | N/A |
| 15 | NOT CHARGED | | N/A |
| 16 | NOT CHARGED | | N/A |
| 17 | NOT CHARGED | | N/A |
| 18 | NOT CHARGED | | N/A |
| 19 | NOT CHARGED | | N/A |
| 20 | NOT CHARGED | | N/A |
| 21 | NOT CHARGED | | N/A |
| 22 | Alien Transportation/ Harboring Conspiracy | 8 USC 324(a)(1)(A)(v)((I); 1324(a)(1)(B)(i); and 1324(a)(1)(B)(ii) | 01 8/10/2009 |
| 23 | Alien Transportation as to Jane Doe 1 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 8/10/2009 |
| 24 | Alien Transportation as to Jane Doe 2 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 8/10/2009 |
| 25 | NOT CHARGED | | N/A |
| 26 | NOT CHARGED | | N/A |

| COUNT | OFFENSE DESCRIPTION | STATUTORY SECTION | OFFENSE ENDED |
|---|---|---|---|
| 27 | Alien Transportation as to Jane Doe 5 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 28 | **ACQUITTED** | | N/A |
| 29 | Alien Transportation as to Jane Doe 7 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 30 | Alien Harboring as to Jane Doe 1 | 8 USC 1324(a)(1)(iii), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 31 | Alien Harboring as to Jane Doe 2 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 32 | **NOT CHARGED** | | N/A |
| 33 | **NOT CHARGED** | | N/A |
| 34 | Alien Harboring as to Jane Doe 5 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 35 | Alien Harboring as to Jane Doe 6 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |
| 36 | Alien Harboring as to Jane Doe 7 | 8 USC 1324(a), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii) | 4/10/2009 |

DEFENDANT:       JASON VILLAMAN
CASE NUMBER:     CR-09-619(S-1)-04

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

COUNTS TWO (2) AND THREE(3): THIRTY (30) YEARS CUSTODY CONCURRENT ON EACH COUNT; COUNTS SEVEN(7) AND EIGHT (8): TWENTY (20) YEARS CUSTODY CONCURRENT ON EACH COUNT AND TO ALL OTHER COUNTS; COUNTS ONE(1), SIX(6), TWENTY TWO(22), TWENTY THREE(23), TWENTY FOUR(24), TWENTY SEVEN(27), TWENTY NINE(29), THIRTY(30), THIRTY ONE (31), AND THIRTY FOUR(34) THROUGH THIRTY SIX(36): FIVE (5) YEARS CUSTODY CONCURRENT ON EACH COUNT AND TO ALL OTHER COUNTS.

☐ The court makes the following recommendations to the Bureau of Prisons:


X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.



UNITED STATES MARSHAL

By _____

DEFENDANT: JASON VILLAMAN
CASE NUMBER: CR-09-619(S-1)-04

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
COUNTS TWO (2) AND THREE(3): FIVE (5) YEARS SUPERVISED RELEASE CONCURRENT ON EACH COUNT; COUNTS SEVEN(7) AND EIGHT (8): THREE YEARS SUPERVISED RELEASE CONCURRENT ON EACH COUNT AND TO ALL OTHER COUNTS; COUNTS ONE(1), SIX(6), TWENTY TWO(22), TWENTY THREE(23), TWENTY FOUR(24), TWENTY SEVEN(27), TWENTY NINE(29), THIRTY(30), THIRTY ONE (31), AND THIRTY FOUR(34) THROUGH THIRTY SIX(36): THREE YEARS SUPERVISED RELEASE CONCURRENT ON EACH COUNT AND TO ALL OTHER COUNTS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    JASON VILLAMAN
CASE NUMBER:    CR-09-619(S-1)-04

Judgment—Page 6 of 8

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of supervised release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

2. The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

3. The defendant shall not have contact with the victims; this means that he shall not attempt to meet in person, communicate by letter, telephone, email, the internet or through a third party, without the knowledge and permission of the Probation Department.

4. The defendant will not associate with any child(ren) under the age of eighteen (18) unless a responsible adult is present and he has prior approval from the Probation Department.

5. If the defendant cohabitates with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of eighteen (18), unless a responsible adult is present.

6. The defendant shall comply with the sex offender registration requirements mandated by law.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

DEFENDANT:    JASON VILLAMAN
CASE NUMBER:    CR-09-619(S-1)-04

DEFENDANT: JASON VILLAMAN
CASE NUMBER: CR-09-619(S-1)-04

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1600.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

DEFENDANT: JASON VILLAMAN
CASE NUMBER: CR-09-619(S-1)-04

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 1600.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.